# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**KEP LAFOON**            **PETITIONER**

**v.**            **No. 3:18CV54-NBB-RP**

**STATE OF MISSISSIPPI**            **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Kep Lafoon for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Mr. Lafoon has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* will be dismissed as untimely filed.

### Facts and Procedural Posture

Kep Lafoon pled guilty to murder in the Circuit Court of Marshall County, Mississippi. *See* Exhibit A[1] (guilty plea petition and transcript of plea and sentencing). He was sentenced on October 16, 2002, to a term of life without parole in the custody of the Mississippi Department of Corrections as a habitual offender under Miss. Code Ann. § 99-19-83. *See* Exhibit B. That code section reads:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more, whether served concurrently or not, in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence, as defined by Section 97-3-2, shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole, probation or any other form of early release from actual physical custody within the Department of Corrections.

---

[1] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss

Miss. Code Ann. § 99-19-83. Section 99-19-83 is the more punitive of Mississippi's habitual offender statutes, as the only available sentence under that section is imprisonment for life without the possibility of parole.

On November 1, 2002, the trial court entered an "Amended Judgment of Sentence on Guilty Plea" to properly reflect Lafoon's sentence as a habitual sentence under Miss. Code Ann. § 99-19-81. *See* Exhibit C. That code section is the less punitive of Mississippi's habitual offender statutes, and reads:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss. Code Ann. § 99-19-81. Under this code section, the punishment is the maximum term of imprisonment for the crime of conviction, without the possibility of parole. There is no practical difference in Mr. Lafoon's punishment, regardless of which habitual offender statute was used. MrHe was sentenced to life imprisonment for murder, and both habitual offender statutes require that the sentence imposed be without the possibility of parole. Under either habitual offender statute, Mr. Lafoon would serve a term of life without parole.

On June 18, 2013, over ten years after entry of the amended judgment, Mr. Lafoon signed a Motion for Post-Conviction Relief which was stamped as "filed" in the Marshall County Circuit Court on June 20, 2013. *See* Exhibit D. On September 16, 2013, the circuit court denied the motion as untimely filed and, alternatively, without merit. *See* Exhibit E. Mr. Lafoon appealed the trial court's decision, and, on October 7, 2014, the Mississippi Court of Appeals affirmed. Exhibit F. *See Lafoon*

*v. State*, 164 So. 3d 494 (Miss. Ct. App. 2014), *reh'g denied,* February 17, 2015, *cert. denied,* May 21, 2015 (Cause No. 2013-CP-01630). The mandate of the state appellate court issued on June 11, 2015. *See* Exhibit G.

On August 21, 2017, Lafoon sought post-conviction collateral relief when he signed a "Motion to Vacate, Set Aside or Correct the Judgment of Sentence; Habitual Portion" and brief in support that was stamped as "filed" on August 25, 2017, in the Marshall County Circuit Court. *See* Exhibit H. On December 4, 2017, the motion to vacate was dismissed as both untimely and successive, and alternatively, without merit. *See* Exhibit I. Mr. Lafoon appealed the lower court's denial of relief, and the Mississippi Court of Appeals affirmed the lower court's decision on November 20, 2018, in Cause No. 2017-CP-01724. *See* Exhibit J. Mr. Lafoon filed the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 on March 8, 2018. Doc. 1.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Mississippi law at the time of Mr. Lafoon's conviction permitted a defendant to seek an appeal after pleading guilty, though such an appeal is now prohibited by statute.[2] *See* Miss. Code Ann. § 99-35-101. As such, Mr. Lafoon's conviction became final on Monday, December 2, 2002, thirty days after he was sentenced on his guilty plea.[3] *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003) (a petitioner's conviction becomes final at the conclusion of direct review or the expiration of the deadline to seek such review). Thus, Mr. Lafoon's initial deadline to seek federal *habeas corpus* relief became December 2, 2003 (December 2, 2002 + 1 year). In addition, as Mr. Lafoon did not properly file an application for state post-conviction collateral relief as contemplated by 28 U.S.C. § 2244(d)(2) on or before the deadline to toll the period of limitation, the deadline remains December 2, 2003. *See Roberts, supra; Flanagan, supra; Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). Mr. Lafoon first

---

[2] In Mississippi, there is currently a statutory prohibition against pursuing a direct appeal from a guilty plea. At one time the Mississippi Supreme Court had carved out an exception to this prohibition, allowing an appeal from a guilty plea within thirty (30) days when the defendant alleged an illegal sentence. *See Burns v. State*, 344 So. 2d 1189 (Miss. 1977); *Trotter v. State*, 554 So. 2d 313 (Miss. 1989); *Berry v. State*, 722 So. 2d 706 (Miss. 1998); *Campbell v. State*, 743 So. 2d 1050 (Miss. Ct. App. 1999); *Acker v. State*, 797 So. 2d 966 (Miss. 2001). After amendment of the statute governing criminal appeals, this exception no longer applies to guilty pleas taken after July 1, 2008 (the effective date of the amendment to Miss. Code Ann. § 99-35-101 (Supp. 2009)). *Seal v. State*, 38 So. 3d 635 (Miss. Ct. App. 2010). As Mr. Lafoon entered his pleas prior to 2008, his judgment became final thirty (30) days after he was sentenced on his plea. (November 1, 2002 + 30 days).

[3] Thirty days after November 1, 2002, fell on a Sunday; as such, the appeal deadline became Monday, the next business day. The one-year federal *habeas corpus* limitations period is calculated from that day.

sought state post-conviction collateral relief on June 18, 2013, some 9 ½ years after the expiration of the one-year federal limitations period. His August 21, 2017, state petition was filed some fourteen years late. As such, he does not benefit from statutory tolling under 28 U.S.C. § 2244(d). As Mr. Lafoon has not shown that a "rare and exceptional circumstance" caused the year-long delay, he may not avail himself of equitable tolling, and his deadline remained December 2, 2003. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). The instant petition for a writ of *habeas corpus* was thus filed over fourteen years after the deadline to do so expired.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on February 26, 2018, and the date it was received and stamped as "filed" in the district court on March 8, 2018. No matter which date the court uses, the instant petition was filed over fourteen years after the December 2, 2003, filing deadline.

For these reasons, the State's motion to dismiss will be granted, and the instant petition will be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 11th day of December, 2018.

/s/ Neal Biggers  
NEAL B. BIGGERS  
SENIOR U. S. DISTRICT JUDGE